**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDUARD ALFONSO FLORES FRIAS, Petitioner** | : | **No. 3:26cv1671** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN, Pike County Correctional Facility, Respondent** | : | |

FILED
SCRANTON
AUG 06 2026
PER ________
DEPUTY CLERK

## MEMORANDUM ORDER

Before the court is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Eduard Alfonso Flores Frias.[1] (Doc. 1). Flores Frias is a native and citizen of Dominican Republic who has been in the custody of Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") for approximately two months. For the reasons set forth below, the petition will be granted, and an order will be issued for Flores Frias's release.

According to the evidence supplied by the respondents, Flores Frias is 38 years old. (Doc. 6-2, Resp. Ex. 1, I-213 Form). Petitioner entered the United

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Flores Frias filed the instant petition while detained at Pike CCF which is in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process. He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

States of America from Mexico in December 2022. Id. He was apprehended near Lukeville, Arizona, processed, and released with an I-94 arrival form and placed on DHS's Alternatives to Detention program. Id. He was paroled into the interior of the United States. Id. At some point thereafter, he received a work authorization, filed an I-589 asylum application, got married to a United States citizen, and obtained employment in Scranton, Pennsylvania.

Floras Frias worked for a company providing commercial landscaping and facility maintenance. (Doc. 1-3). His wages were reported to the Internal Revenue Service. Id. Federal, state, and local taxes were withheld. Id. He paid into Social Security and Medicare programs. Id.

On May 14, 2026, ICE agents were seeking another individual unknown to the record, but a co-worker of the petitioner. (Doc. 6-2, Resp. Ex. 1, I-213 Form). ICE agents observed this individual "and three other unknown Hispanic males enter[] a work truck" and depart the business. Id. They observed no other employees at the business after these individuals departed. Id.

ICE agents returned the next day. Id. After observing four individuals enter two different trucks, agents followed the vehicle for approximately three miles before conducting a vehicle stop on the ramp to the Pennsylvania Turnpike. Id. Floras Frias was a passenger of one of the vehicles. Id. He produced his work authorization card. Id. Agents obtained an arrest warrant and took the petitioner

into custody. He has been detained at Pike County CCF for approximately three months.

Removal efforts have been expedited in Flores Frias's case. According to the Executive Office of Immigration Review's website, Flores Frias was ordered removed by an immigration judge on July 15, 2026. An appeal is due to the Board of Immigration Appeals by August 14, 2026. The removal order in this case is not administratively final.

With his petition for writ of habeas corpus, Flores Frias argues that he is unlawfully detained. On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention without the possibility of bond does not violate the INA or the Due Process Clause of the Fifth Amendment. Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including

the undersigned, reject the government's reading of Section 1225.[2] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 731-32 (6th Cir. 2026); Cirrus Rojas v. Olson, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); Rodriguez Vazquez v. Bostock, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); Santillan Quiroz v. Mullin, 180 F.4th 1226, 1239 (10th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).[3] Respondents indicate their awareness of these prior outcomes. (Doc. 6, Resp. Br. at 2-4) (collecting cases). The court thus reads the response as not contesting the facts of Flores Frias's petition and only preserving

---

[2] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

[3] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, Santillan Quiroz, Cirrus Rojas, Rodriguez Vazquez or its prior decisions.[4] Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention. He was paroled into the United States in December 2022 and detained more than 200 miles from the nearest international border in May 2026.

Under Section 1226(a), a noncitizen in removal proceedings may be detained pending a decision on removal. 8 U.S.C. § 1226(a). However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised by Flores Frias's petition, it is undisputed in this case that he entered the United States illegally. People who enter this country without legal authorization are not stripped immediately of all

[4] Flores Frias is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after being paroled. Barbosa da Cunha, 175 F.4th at 78. Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013). That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Flores Frias has been in ICE custody since May 2026 without being afforded an ability to demonstrate that he is worthy of release on bond. "No person," including the petitioner, "shall...be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that

Flores Frias's continued imprisonment at Pike County Correctional Facility pursuant to a mandatory detention statute violates his constitutional rights.[5]

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, the petition for writ of habeas corpus will be granted and Flores Frias will be released.

In response to the petition, the government has not provided any information indicating that Flores Frias is a danger to the community or a flight risk. According to the evidence supplied by the parties, the petitioner has no

---

[5] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372. As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

criminal record or active warrants. He was a gainfully employed taxpayer married to a United States citizen prior to his detention. There is no evidence that he would be a flight risk if released. At one point, DHS considered Flores Frias a viable candidate for its Alternatives to Detention program and there is no indication that the petitioner was noncompliant with those terms.

Based on the above evidence, only immediate release will remedy the due process violation in this case. The government will be temporarily enjoined from re-arresting Flores Frias for a period of seven days to ensure the effectiveness of the habeas remedy. The government may also not impose additional conditions on Flores Frias's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to Flores Frias's detention.

Consequently, it is hereby **ORDERED** that:

1) Eduard Alfonso Flores Frias's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;
2) Flores Frias's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;
3) The government shall **immediately** release Flores Frias from its custody;
4) On or before **August 7, 2026 at 12:00 noon**, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Flores Frias has been released;

5) The government shall release Flores Frias under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6) The government is temporarily enjoined from re-arresting Flores Frias for a period of 7 days to ensure that this habeas remedy is effective; and

7) The Clerk of Court is directed to **CLOSE** this case.

**Date:** 8/6/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**